J2CRAIN, Judge.
This is an appeal by James F. Ledford from the trial court’s refusal to modify custody and a joint custody plan. He alleges three assignments of error:
“(1) The trial court abused its discretion and committed reversible legal error by signing a judgment that did not conform with the record and ruling in open court.
(2) The trial court abused its discretion and committed reversible legal error by failing to apply the provisions of Louisiana Civil Code Article 131 as amended by Act 905 of the regular session of 1993.
(3) The trial court abused its discretion and committed reversible legal error by failing to consider factors supporting a return to the original joint custody plan during a ‘Review’ of its prior order.”
Camille M. Ledford and James F. Ledford were married on December 5, 1985. Two children were born of the marriage: James Andrew, born December 16, 1986, and Aha Camille, born June 23, 1989. On April 1, 1992, Camille Ledford filed a petition for divorce. The parties stipulated to provisional joint custody and a visitation plan. Pursuant to the visitation plan, Mr. Ledford had the children on alternate weekends from 6:00 p.m. Wednesday night to 7:00 a.m. Monday; the following week from 6:00 p.m. on Wednesday through 7:00 a.m. on Friday. The parties further stipulated that Mr. Ledford would pay a set amount of child support and that should either party desire to modify either custody or child support, a change of circumstances would not have to be shown. The stipulated judgment on the rule to this effect was rendered on May 26, 1992, and signed on June 30, 1992.
Mrs. Ledford subsequently obtained two income assignment orders dated June 30, 1992, and August 3,1992, for delinquent support. The parties entered a stipulated judgment on August 31, 1992, whereby the amount payable in child support was reduced, the child support would be reviewed on January 5, 1993, and all other provisions of the Stipulated Judgment rendered on May 26, 1992, and |3read and signed on June 30, 1992, would remain in full force and effect.
A judgment of divorce was rendered on December 9, 1992. The provisions of the stipulated judgment rendered on May 26, 1992, read and signed on June 30, 1992, and the provisions of the stipulated judgment rendered on August 18, 1992, and read and signed on August 31,1992, were continued in effect.
On March 12, 1993, Mrs. Ledford filed a “Rule For Revision of provisional Joint Custody Plan.” Therein, Mrs. Ledford alleged the visitation plan was disruptive and unworkable for the children primarily because Mr. Ledford did not always properly dress the children for school and on numerous occasions he brought them to school late. Mrs. Ledford also requested that she, Mr. Ledford and the children undergo psychological evaluations.
On April 22, 1993, the parties filed a joint motion to appoint a psychiatrist.
Mr. Ledford filed a “Cross Rule for Revision of Provisional Joint Custody” on May 26, 1993. Therein he sought to continue the provisional custody plan. Alternatively, he sought to be named the domiciliary parent with visitation by Mrs. Ledford on alternat *1062 ing weekends; or to have the court order a joint custody plan whereby the parties would alternate physical custody weekly or monthly-
The parties entered a stipulated judgment on June 23, 1993, whereby the joint custody plan was revised granting custody to Mr. Ledford on the 1st, 3rd and 4th weekends of each month from Friday after school to the following Monday morning when he was to return the children to school. On the Wednesday of the second week of the month, Mr. Ledford was to have the children from the time they got out of school until 8:00 p.m. that night. The plan also included schedules for summers and holidays, and it was set for review on December 7, 1993.
On November 23, 1993, Mr. Ledford filed a “Motion to Modify and Expand Joint Custody Plan.” His stated reasons for seeking the modification were set out in paragraphs three and four of the motion as follows:
14“Mover shows that the parties now reside in the same subdivision living in close proximity to one another and further that should the children be with either party they would ride the same school bus, etc.
[[Image here]]
Mover shows for the above circumstances that a return to the previously agreed equal access would be both beneficial to the children and practical.”
On December 7, 1993, a six month review was held to determine how the custody plan was working. The court maintained the existing custody plan, stating in open court:
“The court does not tinker with, or change, or fix something that is not broken. I believe that we had spent a considerable amount of time going over all of the problems on both sides and adjusting all of the differences and fine tuned it to the point where the court came up with this plan of visitation and put it into effect to determine how it would work. Since that plan is working good, the court is not going to change it at all, it is going to remain in place the way it has been working since June. I think the parties are better off for it, they should continue to foster a good relationship with themselves and the children and the other party and since they are living close together they can have as much visits with the children as possible. This is only a piece of paper, so it is up to the two parties to make this work. The court is not going to change anything it is going to remain in place.”

ASSIGNMENT OF ERROR NO. 1

In the first assignment of error appellant alleges that the judgment contains language which refers to evidence and testimony which was presented at the hearing. Appellant contends that this language gives the mistaken impression that the judgment of December 15, 1993, was a considered decree with the requisite heavier burden of proof placed on the party seeking modification. However, no evidence or testimony was presented, only arguments of counsel. Thus, the “judgment of the court is not supported by the record and should be reversed to the extent that it contained evidence that would falsely indicate the decree was ‘considered’ in nature.” By this argument we assume that appellant means that the trial court erred in using language which implied that the judgment of December 15,1993, was a considered decree, and to that extent it should be reversed in part.
IsA considered decree is one for which the court has received evidence regarding parental fitness to exercise child custody. Where the original custody decree was entered by stipulation of the parties, it is not a considered decree. Barnes v. Cason, 25,808 (La.App.2d Cir. 5/4/94); 637 So.2d 607, writ denied, 94-1325 (La. 9/2/94); 643 So.2d 149.
From a review of the transcript of the trial of the rule of December 7, 1993, it is clear that no testimony was presented, nor was any evidence submitted. Appellee does not allege otherwise. The language in the judgment of December 15, 1993, and amended judgment of January 13, 1994, referring to evidence and testimony taken at the trial is incorrect. However, the record does not reflect that the trial court imposed the heavy burden necessary to modify a considered decree. Consequently, the language in the *1063 judgment has no practical effect on the outcome of this appeal.
This assignment is without merit.

ASSIGNMENT OF ERROR NOS. 2 AND 3

In the second assignment of error appellant contends the trial court erred in failing to apply La.C.C. art. 131(D) as amended by La.Acts 1993, No. 905, Sec. 1, effective August 15, 1993.[1] In the third assignment of error appellant contends the trial court should have reinstated the original custody plan.
Subsection D of former Article 131 as amended by Act 905, section 1 provided in part: “[F]or purposes of this Article, ‘joint custody" shall mean the parents shall, to the extent feasible, share the physical custody of children of the marriage. To the extent it is feasible, physical custody of the children shall be shared equally.”
Because the custody decree and plan were originally entered by the stipulation, it was not a considered decree. The party seeking modification of that decree had to prove a change in circumstances materially affecting the welfare of the children and that the |6proposed change would be in the best interest of the children. Matthews v. Matthews, 633 So.2d 342 (La.App. 1st Cir. 1993). The court found that Mr. Ledford did not allege nor was there any actual change in circumstances. It further found that the custody plan had been “fine tuned” and was working well since its implementation in June, 1993. The court obviously found no change in circumstances and/or the proposed change was not in the best interest of the children. Despite the language of former La.C.C. art. 131(D) as revised by Act Number 905 of 1993, the best interest of the child is the paramount consideration to be applied in all custody determinations, including change of custody. Matthews, 633 So.2d at 345. A trial court’s decision in that regard will not be overturned absent abuse of discretion. Smith v. Smith, 615 So.2d 926 (La.App. 1st Cir.), writ denied, 617 So.2d 916 (La.1993). A careful review of the record reveals no abuse of discretion. Accordingly, the judgment is affirmed. Costs are assessed against appellant.
AFFIRMED.

. La.C.C. Article 131 was amended by Section 1 of Act Number 261 of 1993, effective January 1, 1994. Article 131 as amended reads: “In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child.”